IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

JODY COX                                                                                                                     PLAINTIFF

VS.                                                            CIVIL ACTION NO. 3:04cv156-JCS

MAUD IRBY, et al.                                                                           DEFENDANT

## MEMORANDUM OPINION AND ORDER

Plaintiff, an inmate in the custody of the Mississippi Department of Corrections (MDOC) , brought this action pursuant to 28 U.S.C. § 1983 alleging that Defendants, officials at the Central Mississippi Correctional Facility (CMCF) violated his rights by denying him medical care. Presently before the court is the motion of Defendant Maud Irby, Warden of CMCF, for summary judgment. Having considered Plaintiff's sworn complaint, his testimony at the omnibus hearing, Defendant Irby's motion and attachments, and Plaintiff's response, the court concludes that the motion should be granted.

Plaintiff entered CMCF in October of 2003. The physician's notes from his initial medical screening on October 15, 2003, indicate that Cox was noted to be disabled and to require a walker or a wheelchair. These notes also indicate that Plaintiff was to have lay-in for his meals and was to be transferred to the medical clinic as soon as possible. Plaintiff alleges that his rights were violated by the fact that he did not receive a wheelchair until February 6, 2004, and using a cane or walker was painful. He asserts that this was particularly the case during a three- or four-week period during which he did not receive lay-in for his meals and was therefore required to walk to the dining hall. He

also makes generalized complaints of having been denied adequate medical treatment and medications.

Defendant Irby is the warden of CMCF. In support of her motion, she has included an affidavit in which she states that she does not have authority over the medical care of inmates. Also offered in support of her motion are Plaintiff's medical records for the period in issue. These records show frequent evaluation and treatment during this period. Medical notes from October 15, date of his entry to CMCF until March 1, 2004, the date on which he filed the present lawsuit, indicate that he was evaluated and treated by medical personnel on the following dates: October 15, 12, 27, and 31, 2003; November 5, 6, 11, 18, and 26, 2003; December 1 and 4, 2003; January 6, 12, and 14, 2004, and February 4, 11, 16, 17, 21, 25, and 27, 2004. These notes also reflect that Plaintiff was prescribed and given numerous medications for his various conditions, including pain medication, antidepressants, and blood thinners, and that a wheelchair was ordered for him shortly after he arrived at CMCF.

Plaintiff has offered no affidavits or other evidence in opposition to Defendant Irby's motion. The court has considered, however, Plaintiff's sworn complaint and his testimony at the omnibus hearing in determining the merits of the motion. Nowhere in either of these is there any specific evidence that Defendant Irby had any involvement In Plaintiff's medical care or that she was deliberately indifferent to Plaintiff's serious medical needs.

For these reasons, Defendant Irby's motion is hereby granted. The claims against Defendant Irby will be dismissed with prejudice, and the claims against the unserved defendants will be dismissed pursuant to Rule 4(m) of the Federal Rules of Civil

Procedure. A separate judgment will be entered pursuant to Rule 58 of the Federal Rules of Civil Procedure.

SO ORDERED, this the 19th day of March, 2007.

/s/ James C. Sumner

UNITED STATES MAGISTRATE JUDGE